Entered: August 23rd, 2024
Signed: August 23rd, 2024

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | Case No. 24-15658-MMH |
| | ) | (Chapter 11) |
| DANIEL SMART MANUFACTURING, | ) | |
| INC. | ) | |
| | ) | SubChapter V |
| Debtor. | ) | |

**THIRD INTERIM ORDER (I) AUTHORIZING THE USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**

UPON CONSIDERATION of the Debtor's Motion for Entry of Interim Order Authorizing Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and Scheduling Final Hearing (the "Motion"), any objection filed thereto; and after a second preliminary hearing on the Motion pursuant to Fed.R.Bankr.P. 4001(b)(2) having been scheduled before the August 26, 2024 (the "Preliminary Hearing"); and this Court having found good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

3.        On July 5, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.  The Debtor elected to proceed under SubChapter V of Chapter 11.  Since the Petition Date, the Debtor has remained in possession of its property and has continued to manage its affairs as a debtor-in-possession pursuant to §§ 1183 and 1184 of the Code.

4.        This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.        Notice of the Preliminary Hearing and proposed entry of this Interim Order was provided by the Debtor to (i) the twenty (20) largest creditors listed in the Debtor's case, (ii) the U.S. Trustee, (iii) all taxing authorities, (iv) all parties filing UCC-1 financing statements, and (v) those parties who requested notice in this bankruptcy case.  The requisite notice of the Motion and the interim relief requested thereby and this Interim Order was provided in accordance with Bankruptcy Rule 4001, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, sections 102(1) and 363 of the Bankruptcy Code, and no other or further notice need be provided for entry of this Interim Order.

6.        The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2).  Absent entry of this Interim Order, the Debtor's business, property and estate will be irreparably harmed.

7.        All parties asserting interests in the Debtor's cash collateral are hereinafter referred to as "Secured Cash Collateral Creditors."

8.      The rents accounts and other rights to payment may constitute the Secured Cash Collateral Creditors' collateral, pursuant to Section 541 of the Bankruptcy Code and cash collateral within the meaning of Section 363(a) of the Bankruptcy Code, and if so, may be used by the Debtor only with the consent of the Secured Cash Collateral Creditors or upon further Order of this Court.

9.      The Debtor has moved for authorization to use cash collateral.  The immediate use of cash collateral by the Debtor is necessary to avoid immediate and irreparable harm to the Debtor's bankruptcy estate.

No one having objected to the continued use of cash collateral, and after due deliberation and consideration and sufficient cause appearing therefore,

**NOW THEREFORE**, in consideration of the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

**ORDERED**, That the Motion is GRANTED, subject to and conditioned upon the terms of this Interim ORDER.  This Interim ORDER shall immediately become effective upon its entry; and it is further

**ORDERED**, That the Debtor is hereby authorized to use the Alleged Prepetition Collateral, including the cash collateral during the period from September 1, 2024 through and including October  31, 2024 (the "Expiration Date") for ordinary course purposes in accordance with the terms and conditions of this Interim Order and the Debtor's budget attached as Exhibit A (the "Budget"); provided, however, that (a) Secured Cash Collateral Creditors are granted adequate protection as hereinafter set forth and (b) except on the terms of this Interim Order, the Debtor shall be enjoined and prohibited from at any time using the Alleged Prepetition Collateral, including the cash collateral; and it is further

**ORDERED**, That to the extent the Cash Collateral is used by the Debtor and such use results in a diminution of the value of the Cash Collateral, Secured Cash Collateral Creditors are entitled, pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code, a replacement lien in and to all post-petition assets of the Debtor (the "Replacement Liens"), of any kind or nature whatsoever, real or personal, whether now existing or hereafter acquired, and the proceeds of the foregoing, to the same extent and with the same priority as Secured Cash Collateral Creditors' interest in the Alleged Prepetition Collateral; and it is further

**ORDERED**, that the Debtor shall pay $7,909.78 to Fulton Bank, N.A. on or prior to September  22, 2024 and on or prior to October 22, 2024; and it is

**ORDERED**, That the provisions of this Interim Order and any actions taken pursuant hereto shall survive the entry of any order (i) confirming any plan of reorganization in the Chapter 11 case; (ii) converting the case to a Chapter 7 case; or (iii) dismissing the case, and the terms and provisions of this Interim Order as well as the Replacement Liens granted pursuant to this Order shall continue in full force and effect notwithstanding the entry of any such order, and such claims and liens shall maintain their priority as provided by this Interim Order and to the maximum extent permitted by law; and it is further

**ORDERED**, That the Debtor's use of cash collateral pursuant to this Interim Order shall terminate at the close of business on the Expiration Date (unless it has terminated prior thereto by order of the Court); and it is further

**ORDERED**, That a final hearing to consider the relief requested in the Motion is scheduled for **October 28, 2024 at 10:00 a.m.** prevailing Eastern Time, before this Court.  The Debtor shall promptly mail copies of this Interim Order (which shall constitute adequate notice of the final hearing) to those parties having been given notice of the Preliminary Hearings on the

Motion, any other person required by applicable rules of bankruptcy procedure to receive such notice, and to any other party that has filed a request for notices with this Court. Any party-in-interest objecting to the relief sought at the final hearing shall serve and file written objections; which objections shall be served upon (a) McNamee, Hosea P.A., 6404 Ivy Lane, Suite 820, Greenbelt, MD 20770, Attn: Justin Fasano, Esq., Attorneys for the Debtor; (b) the Office of the United States Trustee, 101 W Lombard St # 2625, Baltimore, MD 21201, and (c) Stephen Metz, Bar No. 13720 7501 Wisconsin Avenue, Suite 1000W Bethesda, Maryland 20814; and shall be filed with the Clerk of the United States Bankruptcy Court, in each case to allow actual receipt by the foregoing no later than **October 24, 2024**.

| | |
|---|---|
| MCNAMEE, HOSEA, P.A.<br>**/s/ Justin Fasano**<br>Janet M. Nesse (Bar No. 07804)<br>Justin Fasano (Bar No. MD21201)<br>McNamee Hosea, P.A.<br>6404 Ivy Lane, Suite 820<br>Greenbelt, Maryland 20770<br>Telephone: (301) 441-2420<br>Facsimile: (301) 982-9450<br>jnesse@mhlawyers.com<br>jfasano@mhlawyers.com<br>*Proposed Attorneys for the Debtor* | GEBHARDT AND SMITH, LLP<br>/s/ Michael D. Nord<br>Michael D. Nord<br>One South Street, Suite 2200<br>Baltimore, Maryland 21202<br>Tel: (410) 385-5072<br>Email:<br>mnord@gebsmith.com<br>Counsel for Fulton Bank,<br>National Association |

I HEREBY CERTIFY that the terms of the copy of the Consent Order submitted to the court are identical to those set forth in the original Consent Order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original Consent Order.

/s/ Justin P. Fasano
Justin P. Fasano

Copies to:

Justin Fasano
McNamee Hosea, P.A.

6404 Ivy Lane, Suite 820
Greenbelt, MD 20770

Office of the United States Trustee
101 W Lombard St # 2625
Baltimore, MD 21201

Stephen Metz, Esq.
Offit Kurman, P.C.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814

**END OF ORDER**

**Cc:** all creditors

| PROJECTED BUDGET SEPTEMBER | APPROX NUMBERS | |
|---|---|---|
| ESTIMATED REVENUE | | $170,000.00 |
| | | |
| PAYROLL | $ | 35,075 |
| COST OF GOODS SOLD - PURCHASINGS | $ | 55,000 |
| RENT | $ | 4,905 |
| BGE | $ | 650 |
| COMCAST | $ | 400 |
| CREDIT CARD PROCESSING FEE'S | $ | 2,500 |
| ULINE | $ | 2,500 |
| UNEXPECTED,OFFICESUPPLIES,MISC | $ | 2,000 |
| VECTOR | $ | 43 |
| HOME PARAMOUNT | $ | 80 |
| MIGHTY MERCHANT | $ | 135 |
| NETSUITE | $ | 3,616 |
| DP - SOLUTION IT COMPANY | $ | 1,246 |
| BUSINESS INSURANCE | $ | 965 |
| EPL INSURANCE | $ | 90 |
| SHIPSTATION | $ | 155 |
| LOGMEIN | $ | 105 |
| CATALOG MAILINGS | $ | 500 |
| WASTE MANAGEMENT | $ | 408 |
| BOOKEEPER - DS | $ | 900 |
| ACCOUNTANT | $ | 500 |
| HVAC MAINTAINCE | $ | 109 |
| CHECKING ACCOUNT FEE | $ | 20 |
| WORKER'S COMP INSURANCE | $ | 326 |
| CARBONITE DANIEL SMART MFG | $ | 125 |
| ADP PAYROLL PROCESSING | $ | 250 |
| ADP TIME CLOCK | $ | 50 |
| ADP 401 PROCESSING | $ | 193 |
| SHIPSTATION - SHIPPING COST | $ | 16,000 |
| UPS - SHIPPING COST | $ | 6,000 |
| GOOGLE PAID ADS | $ | 6,000 |
| SOCIAL MEDIA PAID ADS | $ | 2,500 |

| | | |
|---|---|---|
| TIKTOK PAID ADS | $ | 2,500 |
| UPC | $ | 110 |
| TRUST PILOT | $ | 310 |
| DIGITAL SERVICES | $ | 12,875 |
| KEEPERS-DANIEL SMART MFG | $ | 60 |
| HELIUM 10 | $ | 83 |
| GSUITE-DANIEL SMART MFG | $ | 217 |
| BUSINES TRAVEL | $ | 500 |
| CONSTANT CONTACT - DSM | $ | 145 |
| DROPBOX | $ | 185 |
| IDRIVE - HASSAN | $ | 6 |
| GOTOASSIST | $ | 50 |
| COASTAL MERCHANT ACH | $ | 26 |
| | **$** | **160,412** |

| PROJECTED BUDGET OCTOBER | APPROX NUMBERS | |
|---|---|---|
| Estimated Revenue | | 175000 |
| | | |
| PAYROLL | $ | 35,075 |
| COST OF GOODS SOLD - PURCHASINGS | $ | 55,000 |
| RENT | $ | 4,905 |
| BGE | $ | 650 |
| COMCAST | $ | 400 |
| CREDIT CARD PROCESSING FEE'S | $ | 2,500 |
| ULINE | $ | 2,500 |
| UNEXPECTED,OFFICESUPPLIES,MISC | $ | 2,000 |
| VECTOR | $ | 43 |
| HOME PARAMOUNT | $ | 80 |
| MIGHTY MERCHANT | $ | 135 |
| NETSUITE | $ | 3,616 |
| DP - SOLUTION IT COMPANY | $ | 1,246 |
| BUSINESS INSURANCE | $ | 965 |
| EPL INSURANCE | $ | 90 |
| SHIPSTATION | $ | 155 |
| LOGMEIN | $ | 105 |
| CATALOG MAILINGS | $ | 500 |
| WASTE MANAGEMENT | $ | 408 |
| BOOKEEPER - DS | $ | 900 |
| ACCOUNTANT | $ | 500 |
| HVAC MAINTAINCE | $ | 109 |
| CHECKING ACCOUNT FEE | $ | 20 |
| WORKER'S COMP INSURANCE | $ | 326 |
| CARBONITE DANIEL SMART MFG | $ | 125 |
| ADP PAYROLL PROCESSING | $ | 250 |
| ADP TIME CLOCK | $ | 50 |
| ADP 401 PROCESSING | $ | 193 |
| SHIPSTATION - SHIPPING COST | $ | 16,000 |
| UPS - SHIPPING COST | $ | 6,000 |
| GOOGLE PAID ADS | $ | 6,000 |
| SOCIAL MEDIA PAID ADS | $ | 2,500 |

| | | |
|---|---|---|
| TIKTOK PAID ADS | $ | 2,500 |
| UPC | $ | 110 |
| TRUST PILOT | $ | 310 |
| DIGITAL SERVICES | $ | 12,875 |
| KEEPERS-DANIEL SMART MFG | $ | 60 |
| HELIUM 10 | $ | 83 |
| GSUITE-DANIEL SMART MFG | $ | 217 |
| BUSINES TRAVEL | $ | 500 |
| CONSTANT CONTACT - DSM | $ | 145 |
| DROPBOX | $ | 185 |
| IDRIVE - HASSAN | $ | 6 |
| GOTOASSIST | $ | 50 |
| COASTAL MERCHANT ACH | $ | 26 |
| | **$** | **160,412** |